IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

REATA MITCHELL,

    Plaintiff,

      v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

Case No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Life Insurance Company of North America ("LINA"), hereby files this Notice of Removal of this case from the Cumberland County Superior Court, State of Maine, Case No. POR-SC-CV-2019-00348, where it is currently pending, to the United States District Court for the District of Maine. This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, et. seq., thus supplying federal question jurisdiction.

Defendant respectfully shows the Court as follows:

1.    Plaintiff instituted this civil action in the Cumberland County Superior Court, State of Maine, on or about August 26, 2019.

2.    LINA received the Complaint on September 3, 2019, following service on the CT Corporation System. *A true and correct copy of all process, pleadings and orders as served upon LINA are attached hereto as part of Exhibit 1 and incorporated herein by reference.*

3.    Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the initial

Notice of Removal - Page 1

pleading on which the aforesaid action is based.

4. The United States District Court for the District of Maine is the federal judicial district embracing the Cumberland County Superior Court, State of Maine, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 109 and 1441(a).

## FEDERAL QUESTION

5. Plaintiff claims that she was an employee of Capital One Financial Corporation who was insured under a "group insurance policy" (Ex. 1, Compl. at ¶¶ 1-2). By way of this lawsuit, Plaintiff seeks long-term disability benefits "under the Policy." (Ex. 1, Compl. at ¶ 20). Plaintiff states that she brings this action "under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132 (a)(1)(B), to recover benefits the Plan and Policy" (Ex. 1, Compl. at ¶ 6).

6. Thus, it is clear from the face of the Complaint and the documents integral thereto that the Policy under which Plaintiff claims benefits is part of an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") §3(1), 29 U.S.C. §1002(1). Plaintiff is claiming entitlement to ERISA-regulated benefits.

7. Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

8. ERISA preempts any state law claims and provides exclusive remedies for resolution of claims by employee benefit plan participants and beneficiaries relating to an ERISA plan. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within the scope of Section 502(a)(1) is removable to federal court under 28 U.S.C. § 1441(b) as

an action arising under federal law even when the ERISA-related nature of the action does not appear on the face of the Complaint. S*ee Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

9. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331, 1441(b), the District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties and may be removed to this Court by Defendant.

**MISCELLANEOUS**

10. A copy of this Notice of Removal is being filed with the Cumberland County Superior Court, State of Maine, as provided by law, and written notice is being sent to Plaintiff's counsel. (*Exhibit 2, Notice of Filing Notice of Removal*).

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the District of Maine.

13. If any question arises as to the propriety of the removal of this action, LINA respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, LINA, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Cumberland County Superior Court, State of Maine, effects the removal of said civil action to this Honorable Court.

DATED:  09/23/2019          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Steven J. Silver

---

Byrne J. Decker
State Bar No. 8312
Steven Silver
State Bar No. 005946
Two Monument Square
Suite 703
Portland, ME 04101
Telephone:    207-387-2957
Facsimile:    207-387-2986
byrne.decker@ogletree.com
steven.silver@ogletree.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served Plaintiff with a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** by depositing a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Andrew S. Davis, Esq.  
Lambert Coffin  
477 Congress Street  
Portland, ME  04101

Dated: September 23, 2019　　　　　　　　/s/ Steven J. Silver  
　　　　　　　　　　　　　　　　　　　　Steven J. Silver