| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, SS | SUPERIOR COURT<br>CIVIL ACTION<br>Docket No |
| Reata Mitchell<br><br>　　　Plaintiff<br><br>v.<br><br>Life Insurance Company of North America<br><br>　　　Defendant | Case No.:<br><br>**COMPLAINT** |

Plaintiff, Reata Mitchell, for her Complaint against Defendant Life Insurance Company of North America ("LINA"), states as follows:

1. Ms. Mitchell is an individual who, at times relevant to this Complaint, is or was a participant in group disability benefit plan (the "Plan"), sponsored by her former employer, Captial One Financial Corporation("Sponsor").

2. Upon information and belief, the Plan is funded, in part, through a group insurance policy LINA sold to the Sponsor (the "Policy").

3. LINA is a foreign company that provides group insurance coverage to residences of Maine.

4. LINA acts as the administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Plan and Policy.

5. LINA, as the administrator and insurer of claims for disability benefits under the Plan, operated with a financial conflict of interest that permeated its decision-making process.

6. Ms. Mitchell brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy.

7. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over the Defendant pursuant to ERISA 502(e)(2), 29 U.S.C. 1132(e)(2), as LINA conducts business in the state of Maine, including insuring group benefit plans, just like the one at issue in this action..

## Claim for Relief

8. The Plan provides that LINA will provide long-term disability benefits to participants who are considered disabled.

9. The Plan and Policy, in relevant part, as follows:

Disability or Disabled means:

> Definition of Disability/Disabled
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of his or her Regular Occupation; and
>
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
>
> 2. unable to earn 80% or more of his or her Indexed Earning

10. Ms. Mitchell suffers from an extensive history of severe osteoarthritis, major joint replacement, and pain.

11. Ms. Mitchell stopped working as a Risk Analyst for the Sponsor on July 9, 2017.

12. Ms. Mitchell filed claims for short- and long-term disability

13. LINA approved Ms. Mitchell's claim for STD benefits and paid through maximum benefit period.

14. LINA denied Ms. Mitchell's LTD claim, however, and stated there was no proof of limitations from her prior sedentary occupation.

15. Ms. Mitchell timely appealed LINA's denial and has now exhausted her administrative remedies.

16. Ms. Mitchell remains disabled and unable to perform her prior occupation, or any other sedentary occupation, on a full or part time basis.

17. LINA's decision to the contrary is incorrect, arbitrary and capricious.

18. Further, LINA failed to provide a full and fair review and otherwise violated ERISA's claims procedure regulation.

19. As a result of the foregoing, Ms. Mitchell has suffered a loss in the form of unpaid benefits, among other things.

20. Ms. Mitchell is entitled to a judgment against LINA in the amount of the unpaid benefits under the Policy including, *inter alia*, long-term disability benefits as well as an order directing LINA to pay Ms. Mitchell future benefits.

21. Ms. Mitchell is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Reata Mitchell, requests the Court grant her the following relief from Defendant:

    a.    A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b.    A judgment ordering LINA to continue to pay Ms. Mitchell long-term disability benefits for as long as she remains totally disabled under the Plan/Policy;

    c.    A judgment ordering LINA to repay Ms. Mitchell her costs and attorney's fees, under ERISA 502(g); and

    d.    All other relief to which he is entitled, including de novo review of the decision to deny the claim.

Dated: August 26, 2019

                                           Andrew S. Davis, Esq. (Bar No. 005733)
                                           LAMBERT COFFIN
                                           One Canal Plaza, Suite 400
                                           Portland, Maine 04101
                                           207.370.3010
                                           adavis@lambertcoffin.com